UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>Plaintiff,<br><br>v.<br><br>FTL RISK INNOVATIONS LLC,<br><br>Defendant. | Case No. 19-cv-03415-TSH<br><br>**ORDER GRANTING MOTION TO FILE UNREDACTED COMPLANT UNDER SEAL**<br><br>Re: Dkt. No. 5 |

## I. INTRODUCTION

This action involves a dispute between Plaintiff Great Lakes Insurance SE ("Great Lakes") and Defendant FTL Risk Innovations LLC ("FTL") over payment of premiums pursuant to an underlying insurance policy Great Lakes issued to Equidate Holdings, LLC (the "Insured"). Compl., ¶¶ 8, 12-17, ECF No. 1. On June 14, 2019, Great Lakes filed the present complaint against FTL with an administrative motion to file the an unredacted version of the complaint under seal. Mot., ECF No. 5. Having considered the motion and relevant legal authority, the Court **GRANTS** Great Lakes's motion.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co.*, *Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

Parties moving to seal documents must also comply with the procedures established by Civil Local Rule 79-5. Pursuant to 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

### III. DISCUSSION

Great Lakes moves to seal parts of its complaint referring to specific terms of the policy because it contends that disclosure of the information could cause competitive harm. Mot. at 3. Great Lakes designated the information sought to be redacted as confidential and filed a declaration from Jamie Cheng, its counsel, in support of sealing the material. Cheng Decl., ECF No. 5-1. Because the sealing motion relates to the filing of a complaint, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." (collecting cases)).

Here, the Court finds that Great Lakes has stated compelling reasons for sealing portions of the complaint and has narrowly tailored its request. As to compelling reasons, "[t]he specific

terms [of the policy], including premium, transaction volume, limitations and other economics and conditions of the insurance solution" that Great Lakes seeks to seal are proprietary information. Cheng Decl. ¶ 3; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" are trade secrets that is appropriate for sealing). Further, Great Lakes and the Insured have an "exclusive and long-term partnership." Cheng Decl., Ex. B, ECF No. 5-3. Publicly disseminating the terms of the policy would allow other insurers to develop similar insurance policies and threaten the exclusivity of Great Lakes's relationship with the Insured. *See, e.g., Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (granting motion to seal document containing "confidential information regarding the claim file of an assured . . . not involved in this litigation" and holding that "competitive harm may result to [the assured] if this document is publicly-disseminated, as it will reveal confidential business information and strategies that Defendant employs with respect to issuance of its insurance policies").

As to whether the request is narrowly tailored, Great Lakes redacted only the information as to the terms of the policy and the premiums that are confidential, as required by Local Rule 79-5. It has also excluded any confidential documents and information that are not necessary to its claims, such as a copy of the policy itself.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Great Lakes has articulated compelling reasons to seal certain portions of the complaint and the proposed redactions are narrowly tailored to remove only the confidential information. Therefore, the Court **GRANTS** Great Lakes's Administrative Motion to Seal the unredacted version of the complaint.

**IT IS SO ORDERED.**

Dated: July 19, 2019

THOMAS S. HIXSON
United States Magistrate Judge